**IN THE UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| JACOB FIELD and CLARK KENT HOLDINGS, LLC | § § § | CIVIL ACTION NO. 4:25-cv-1559 |
| *Plaintiffs*, | § § | |
| v. | § § | ORIGINAL COMPLAINT |
| JESSE FREDERICKS, | § § | |
| *Defendant.* | § § | |

### PLAINTIFFS' ORIGINAL COMPLAINT

Plaintiffs Jacob Field and Clark Kent Holdings, LLC ("Clark Kent") file this Original Complaint against Defendant Jesse Fredericks and for cause of action would show the Court the following:

### I.   PARTIES

1.      Jacob Field is a Texas resident, located at 9240 Kenilworth Street, Houston, Texas 77024. Jacob Field is a citizen of the state of Texas.

2.      Clark Kent Holdings, LLC is a Texas LLC. Its principal place of business is 952 Echo Lane, Suite 200, Houston, Texas 77024. Clark Kent Holdings, LLC is a citizen of the state of Texas because its sole member, Jacob Field, is a citizen of the state of Texas.

3.      Jesse Fredericks is a North Dakota resident, located at 8890 BIA Road, Mandaree, North Dakota 58757. Jesse Fredericks is a citizen of the state of North Dakota. Pursuant to Texas's long-arm jurisdiction statute, service can be substituted on the secretary of state. *See* FED. R. CIV. P. 4(e)(1); TEX. CIV. PRAC. & REM. CODE ANN. § 17.044. Alternatively, Jesse can be served by "delivering a copy of the summons and of the complaint to the individual personally" or by

1

"leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there." FED. R. CIV. P. 4(e)(2)(A)-(B).

## II.    JURISDICTION AND VENUE

4.    This Court has subject-matter jurisdiction over this case under 28 U.S.C. § 1332(a), because complete diversity exists between Plaintiffs and Defendant, and the amount in controversy exceeds $75,000 exclusive of interests and costs.

5.    The Court has jurisdiction over Jesse Fredericks because the parties consented to the jurisdiction of "any federal court or Texas state court sitting in Houston, Texas" under Section 20 of the Guaranty Agreements discussed herein. Exs. 6, 11, 12. The choice of forum clause establishes that Jesse purposely directed its activities toward the forum state for the privileges of conducting activities therein.

6.    Venue is proper in this judicial district under 28 U.S.C. § 1391(b)(2) because the parties consented to the jurisdiction of "any federal court or Texas state court sitting in Houston, Texas" under Section 20 of the Guaranty Agreements discussed herein. Exs. 6, 11, 12. Likewise, venue is proper because "a substantial part of the events or omissions giving rise to the claim occurred" in Houston, Texas when Jesse Fredericks failed to pay the owed amount on the promissory notes, as the Guarantor "by 2:00 p.m. local time in Houston, Texas, on the date such payment is due." 28 U.S.C. § 1391(b)(2). Exs. 4, 7, 9.

## III.    FACTS

7.    Jesse Fredericks is the Managing Member of Fredericks Customs Solutions, LLC ("FCS"). FCS's purpose as a company is "the provision of natural gas and natural gas liquids capture, processing, transfer, and storage, power generation, datamining, and all activities necessary or incidental to that purpose." Ex. 1 at §§ 1.01(x); 2.03.

8.      Jacob Field is the sole member of Clark Kent Holdings, LLC ("Clark Kent"). Clark Kent owns a 27.5% membership interest in FCS, while Jesse Fredericks owns the other 72.5% membership interest. Ex. 2; Ex. 3.

9.      As a part of conducting business, FCS executed certain promissory notes to borrow funds from Plaintiffs. Jesse Fredericks guaranteed each of those promissory notes. FCS has defaulted on its payment obligations, and Jesse Fredericks has breached his guaranty agreements.

### *The Jacob Field Promissory Note and Guaranty*

10.      On December 12, 2023, Jacob Field as the Holder and FCS as the Debtor executed a promissory note for the principal amount of $250,000 plus interest at the annual rate of 15%, computed on the basis of the actual number of days elapsed and a year of 365 days, on the maturity date, when the entire remaining amount of principal and accrued, unpaid interest (if any) will be payable in full as a balloon payment. Ex. 4 (the "December 2023 Note"). The December 2023 Note states that the maturity date is June 30, 2024. *Id.* at item 2(f).

11.      Under the December 2023 Note, when either the Debtor (FCS) or the Guarantor (Jesse Fredericks) "shall fail to pay when due any principal or interest payment on the due date hereunder, and such payment shall not have been made within ten (10) days of the [Debtor's] receipt of [Lender's] written notice to the [Debtor] of such failure to pay," an Event of Default has occurred. *Id.* at item 6(a). This language applies to each promissory note discussed herein.

12.      In order to secure the payment obligations under the December 2023 Note, the parties executed a Security Agreement to create both a lien and security interest in the collateral. Ex. 5 at item 1.

13.    Jesse Fredericks also executed a Continuing and Unconditional Guaranty, ensuring payment as Guarantor himself, with respect to the December 2023 Note (the "December 2023 Guaranty"). Under the December 2023 Guaranty,

> Guarantor absolutely and unconditionally guarantees to the Lender the payment and performance of all indebtedness, obligations and liabilities of or owed by Borrower to Lender (and also to others, to the extent of participations granted them by Lender) now existing or hereafter incurred or created, direct or indirect, absolute or contingent under the Promissory Note and Security Agreement executed.

Ex. 6 at item 1 (the "December 2023 Guaranty").

14.    The December 2023 Guaranty further states that "Guarantor agrees and acknowledges that this Guaranty is a continuing guaranty and all extensions of credit and financial accommodations concurrently herewith or hereafter made by Lender to Borrower will be made by Lender in reliance on this Guaranty." *Id.* In addition to the December 2023 Guaranty to the December 2023 Note, Jesse Fredericks executed identical "Continuing and Unconditional Guaranty" agreements as to each promissory notes described in this complaint.

### The Clark Kent Promissory Notes and Guaranty

15.    On October 31, 2024, Clark Kent as the Holder and FCS as the Maker executed a promissory note, in the principal sum of $1,200,000. Ex. 7 (the "October 2024 Note"). As with the December 2023 Note, the parties executed a Security Agreement with Clark Kent as the Secured Party. Ex. 8.[1]

16.    The October 2024 Note matured on November 30, 2024. Ex. 7 at item 2(f).

17.    On December 6, 2024, Clark Kent as the Holder and FCS as the Maker executed another promissory note for $1,600,000. Ex. 9 (the "December 2024 Note"). Again, the parties

---

[1] All the Security Agreements discussed herein and executed between Clark Kent and FCS were updated pursuant to the Amended and Restated Security Agreement for the Assets on the Borrower on February 10, 2025, pursuant to UCC filings on January 30, 2025 and March 4, 2025. *See* Ex.'s 13-14.

executed a Security Agreement, with Clark Kent as the Secured Party. Ex. 10. The December 2024 Note matured on January 6, 2025. Ex. 9 at item 2(f).

18.    As was the case for the December 2023 Note held by Jacob Field, Jesse Fredericks executed "Continuing Unconditional Guaranty" agreements for both the October 2024 Note and the December 2024 Note held by Clark Kent. Ex. 11 (the "October 2024 Guaranty"); Ex. 12 (the "December 2024 Guaranty"). Each contained language identical to the December 2023 Guaranty.

### *Notice of Event of Default Given, Forcing Plaintiffs to Sue Jesse Fredericks*

19.    To date, no payments have been made on the December 2023, October 2024, or December 2024 Notes. Nor has Jesse Fredericks made payments pursuant to the December 2023, October 2024, or December 2024 Guaranty agreements. Accordingly, on March 19, 2025, Jacob Field and Clark Kent delivered to Jesse Fredericks and FCS written notices of events of default for each of the notes and guaranty agreements. Under the terms of the promissory notes and the guaranty agreements, payment was due within ten (10) days of March 19, 2025, by March 29, 2025. Exs. 4, 7, 9 at item 6(a). No payments were made.

20.    Under the terms of all three guaranty agreements, Jesse Fredericks, as Guarantor, waived any requirement that Plaintiffs first take action against FCS, to wit:

> Guarantor waives: (d) [j]oinder of the borrower [FCS] in any suit or action to enforce this Guaranty, in particular, and without in any way limiting the foregoing, Guarantor waives any right to have Lender [Jacob Field or Clark Kent, as the case may be] sue Borrower or take any other action against Borrower as a prerequisite to Lender's taking any action or bringing any suit against Guarantor under this Guaranty.

Exs. 6, 11, 12 at ¶ 2(d).

21.    Accordingly, Jesse Fredericks has defaulted as a Guarantor on the December 2023 Note, the October 31 Note, and the December 2024 Note and thus breached his corresponding "Continuing and Unconditional Guaranty" agreements of the same dates by failing to pay the

principal amount and interest due by the maturity date and Plaintiffs are entitled to sue him on each.

## IV.    CLAIMS FOR RELIEF

**Breach of Contract**

22.    Plaintiffs incorporate by reference the allegations in the preceding paragraphs for all purposes.

23.    The December 2023, October 2024, and December 2024 Guaranty Agreements are valid and enforceable agreements between Jesse Fredericks and either Jacob Field (December 2023) or Clark Kent (October 2024 and December 2024). Under the Guaranty Agreements, Jesse absolutely and unconditionally guaranteed to the lenders—either Jacob Field or Clark Kent—the payment and performance of all indebtedness, obligations, and liabilities of or owed by FCS to the respective lenders as to the corresponding promissory notes.

24.    Plaintiffs did not materially breach any of the parties' agreements. To the contrary, Plaintiffs performed their obligations under the parties' agreement at all relevant times.

25.    Jesse Fredericks materially breached the December 2023, October 2024, and December 2024 Guaranty Agreements by failing to timely make payments on the corresponding promissory notes upon their respective Maturity Dates without legal justification or excuse.

26.    Jesse Fredericks's breach caused Jacob Field damages of $250,000 plus interest and Clark Kent damages of $2,800,000 plus interest.

## V.    PRAYER FOR RELIEF

27.    Plaintiffs Jacob Field and Clark Kent Holdings, LLC request that Defendant Jesse Fredericks be cited to appear and answer, and that Plaintiffs have judgment against Defendant for the following:

a.      Actual damages;

b.      Attorneys' fees and expenses;

c.      Pre- and post-judgment interest;

d.      Costs of court; and

e.      Such other and further relief to which Plaintiff may be entitled.

Respectfully submitted,

*/s/ Paul J. Dobrowski*
Paul J. Dobrowski
Texas Bar No. 05927100
S.D. Tex. ID No. 3208
Vanessa L. Pierce
Texas Bar No. 24092549
S.D. Tex. ID No. 2611764
Jordan P. Dunlap
Texas Bar No. 24137364
SD. Tex. ID No. 3886853
DOBROWSKI, STAFFORD & PIERCE LLP
4601 Washington Ave., Suite 300
Houston, Texas 77007
(713) 659-2900
(713) 659-2908 [fax]
pjd@doblaw.com
vpierce@doblaw.com
jdunlap@doblaw.com

*Attorneys for Plaintiffs*
*Jacob Field and Clark Kent Holdings, LLC*